United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN G. SAMORA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-689 |
| § | |
| ROBERT A. WILLIAMS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Juan G. Samora filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. On July 30, 2015, defendants moved for summary judgment. Despite requesting, and receiving, two extensions of time, plaintiff did not respond to the motion for summary judgment. For the reasons stated below, defendants' motion is granted and the complaint is dismissed with prejudice.

### I.   Background

At all times relevant to this case, Plaintiff Juan G. Samora was an inmate in the Texas Department of Criminal Justice ("TDCJ"). Defendants Robert A. Williams, Annie R. O'Bryant, and Hubert Williams were TDCJ Correctional Officers[1].

---

[1]   The complaint does not name defendant Hubert Williams. Defendants note, however, that defendant Robert A. Williams was not in any way involved with the incident giving rise to the complaint. They have volunteered that the officer involved was Hubert Williams.

The underlying facts are not in dispute. On March 24, 2014, Samora was waiting in a holding tank at the TDCJ's Wynne Unit to be transported to a medical appointment. He was assaulted by inmate Jeffrey Allison, who hit Samora with a walking cane.

Samora alleges that the holding tank was closed and locked when Allison began striking objects with his cane from outside the tank. He further alleges that defendants opened the tank and allowed Allison to enter, at which time he assaulted Samora and other inmates.

## II.  Analysis

### A.  Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.  Failure to Protect

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25 (1993);

*Wilson v. Seiter,* 501 U.S. 294(1991); Estelle *v. Gamble,* 429 U.S. 97 (1976).   The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).  This includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted).

> The Supreme Court has further explained that
>
> > It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.
> >
> > The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.  In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety,

*Id.* at 834 (internal citations and quotation marks omitted).

"Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

1. **<u>Defendant Robert Williams</u>**

As noted above, defendants state that Robert Williams was not involved in the incident giving rise to this suit, and speculate that plaintiff mistakenly named him instead of Hubert Williams, who was on duty at the time and place in question. In support of this contention, defendants submit a copy of a TDCJ Grievance Investigation Worksheet showing that Hubert Williams was on duty. Motion for Summary Judgment, Exh. A, at 8. They also submit an affidavit by Hubert Williams stating that he was on duty at the relevant time and place, *id.*, Exh. B, and an affidavit by Robert Williams stating that he was not involved, *id.*, Exh. D.

As noted above, Samora has not responded to the motion for summary judgment, and offers no evidence in rebuttal. He therefore fails to demonstrate that there is any genuine issue of material fact regarding Robert Williams, and Robert Williams is entitled to summary judgment.

2. **<u>Defendant Annie O'Bryant</u>**

Samora contends that defendant O'Bryant opened the door to the holding tank to allow Allison in, resulting in Allison assaulting Samora. Samora acknowledges, however, that he was in the tank, while O'Bryant was in the control picket. *See* Complaint at 3. He, therefore, could not see what O'Bryant did or did not do.

O'Bryant submits an affidavit in which she asserts that the door to the tank was already open when Allison got there because inmates were moving through for work assignments and medical transport. She states that she had no ability to close the door from her location inside the picket. Motion for Summary Judgment, Exh. C at 1.

O'Bryant's affidavit establishes that she did not recklessly disregard a substantial risk of serious harm to Samora. She was some distance away, notes that another officer was in the area of the holding tank at the time, and had no ability to close the door to the tank. In the absence of any evidence to counter O'Bryant's affidavit, Samora fails to demonstrate that there is a genuine issue of material fact with regard to O'Bryant's liability. Therefore, O'Bryant is entitled to summary judgment.

### 3. Defendant Hubert Williams

Hubert Williams submitted an affidavit stating that he was assigned to supervise inmates leaving the Wynne Unit for medical purposes on the morning in question. He had several inmates, including Samora, assembled in the tank. Another group of at least 15 inmates was nearby waiting to go to their work assignments. Motion for Summary Judgment, Exh. B, at 2.

Allison approached Williams yelling unintelligibly. He was holding a cane, but was not using it in a threatening manner. *Id.* Williams determined that the best course of action was to admit Allison to the tank, thereby separating him from the larger group of inmates outside the tank. Williams did so, and closed the door. At that time, Allison assaulted Samora with his cane. *Id.* Williams immediately radioed for a response team, which arrived within a minute. *Id.*; Exh. C, at 3. The team subdued Allison, and Samora was taken for medical treatment.

The evidence establishes that Williams was not reckless. Allison was not using his cane in a threatening manner prior to entering the tank. As soon as Allison acted violently,

Williams called for help, and Allison was quickly subdued. Williams was not deliberately indifferent to a serious risk of harm to Samora.

### C. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment is granted.

## III. Order

It is ORDERED that:

1. The defendants' motion for summary judgment (Dkt. No. 15) is GRANTED; and

2. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 29th day of February, 2016.

_____
Kenneth M. Hoyt
United States District Judge